ORRISON S. MARDEN *vs.* EDWARD H. CHAMPLIN, Town Treasurer of the Town of New Shoreham, *et als.*

Notwithstanding the provisions in the charter of the town of New Shoreham as to wardens, R. I. Col. Rec. vol. 2, pp. 467, 468, the town clerk may, under Pub. Stat. R. I. cap. 35, § 12, issue warrants for town-meetings when no other mode of warning the electors to convene has been provided by by-law.

A notice in the warrant for a town-meeting gave as one of the objects of the meeting "to let the town's land and beaches."

*Held,* sufficient, under Pub. Stat. R. I. cap. 35, § 12, to include the bathing beach, although similar notices had been given in previous years, when other beaches and not the bathing beach had been leased.

A vote of the town council, signed by its clerk, the town council having been made previously the agent of the town by a vote in town-meeting, is a sufficient memorandum in writing to satisfy the statute of frauds.

BILL IN EQUITY for specific performance.

*Providence, July* 11, 1891. MATTESON, C. J. This is a bill against the town of New Shoreham, its town council and treasurer, to compel the execution of a lease to the complainant.

On February 21, 1890, the town clerk of New Shoreham issued his warrant for a town-meeting, to be held at the town hall in said town, on March 4, 1890, at ten o'clock in the forenoon. One of the purposes of the meeting, specified in the warrant, was " to let the town's land and beaches." At the town-meeting held in pursuance of this warrant, it was voted, that " the letting of the bathing beach be left in the hands of the town council."

At a meeting of the town council, held April 7, 1890, the letting of the bathing beach, so referred to, was taken up, and it was voted, that " the bathing beach be let to Orrison S. Marden for one year, with the privilege of seven, at the rate of six hundred and fifty-five dollars per annum, and same to be let in accordance with the lease furnished and approved this day by the town council, upon condition that the said lease shall be executed within thirty days from this date, and a bond of seven hundred dollars with sureties satisfactory to the town treasurer furnished to the said town treasurer within thirty days." And it was also voted, that " the lease be approved and the same recorded."

At the town-meeting of said town, held April 8, 1890, a new town council was elected, and a committee was appointed " to investigate the legality of the letting of the bathing beach, which was let by the town council April 7, 1890."

The new town council, in accordance with a memorial to it, passed a vote May 1, 1890, directing the town clerk to issue his warrant for a special town-meeting, to be held May 10, 1890, " for the purpose of taking some action concerning the disposing of the East Beach (being the bathing beach) in said town and the privileges and appurtenances thereof, together with the bathing privileges thereon and the leasing of the same," at which meeting the following resolution was passed, viz. : —

" *Resolved,* That the town council of New Shoreham be and the same are hereby appointed a committee for said town, with full power and authority to lease and let the East Beach or bathing beach in said town, and bathing privileges thereon, at public auction, for such period of time, and with such restrictions, as such committee shall consider for the best interest of the town."

In pursuance of this resolution the town council gave notice that " the exclusive privilege of bathing on the East Beach," " together with the privilege of erecting bathhouses and structures for the purpose of bathing only, and necessary to carry on the bathing business," be let on Saturday, May 17, 1890, at 5 o'clock P. M., on the premises, at public auction, to the highest bidder, upon certain terms and conditions specified in the notice.

At the auction held May 17, 1890, in accordance with this notice, said beach was let by said new town council to Orlando F. Willis for a period to expire January 1, 1895, at an annual rental of $855.

The complainant was in possession of the beach in question under a former lease, granted by the town to one George M. French, and after the expiration of that lease continued in possession of the beach under the contract of letting of April 7, 1890, and refused to surrender possession of it to the town as requested by a notice of the new town council served upon him May 15, 1890.

The bill alleges that the respondents are threatening to bring an action at law to eject the complainant from possession of the beach,

and prays that the town council may be decreed to direct the town treasurer to execute a lease of the beach to the complainant according to the contract of April 7, 1890; that the town treasurer be decreed to execute said lease; that the respondents be enjoined from interfering with or disturbing the complainant in the possession of the beach, and for other and further relief.

Testimony was submitted on the part of the complainant to the effect that a lease duly executed by his authorized attorney was tendered to the town treasurer for his signature, and also a bond for the payment of the rent with sureties satisfactory to him was left with him, in accordance with the terms of the vote of the old town council of April 7, 1890, within the thirty days therein specified. The town treasurer, however, acting under the instruction of the committee appointed by the town-meeting of April 8, 1890, as above mentioned, declined to execute the lease on the part of the town, and testified that he did not accept the bond as a bond for the payment of rent, though the sureties were satisfactory to him, and it was left in his possession.

The respondents contend that the complainant is not entitled to relief, and resist the granting thereof upon several grounds:—

*First.* Because no legal notice was given to the electors of the town-meeting of March 4, 1890, in that the warrant for that meeting was issued by the town clerk, and not by a warden, or wardens, of the town. The charter of the town of New Shoreham, Rhode Island Colonial Records, vol. 2, pp. 467, 468, provides that the wardens of the town, or either of them, shall have authority " by writt to require the said freemen to meete four times in the yeare for their said town affaires, for the makeinge of such order or bye laws as may be needfull for theire better management of theire affaires amonge themselves according to their constitution," etc. The respondents contend that the charter of the town, by the provision above quoted, requires that the warrants for calling town-meetings for town affairs shall be issued by the wardens, or one of them; that the power of calling town-meetings for town affairs so conferred was impliedly reserved to them by the constitution, Art. 10, § 7, which provides that the town of New Shoreham may continue to elect its wardens as heretofore; that said provision of the charter, being a special provision for the benefit

of that town, has not been repealed by General Statutes and would seem to have been reserved by the exception in Pub. Stat. R. I. cap. 35, § 12, which directs town clerks to issue warrants " except in cases where the law otherwise directs ; " that for these reasons, as the warrant for calling the town-meeting was issued by the town clerk, and not by a warden of the town, it was illegal, and the notice insufficient. We do not assent to this argument. It is true the constitution provides that the town of New Shoreham may continue to elect wardens as heretofore, but it further provides that the jurisdiction of such wardens shall be regulated by law. It is true, also, that General Statutes do not repeal by implication, or modify charter and special acts for the benefit of particular towns, unless the intention of the legislature to so repeal or modify is plain. We think, however, that it was plainly the intent of the General Assembly by the earlier statutes, substantially reënacted in Pub. Stat. R. I. cap. 35, to provide a general law applicable to all towns, to regulate the calling and holding of town-meetings, and to repeal all special provisions relating to that subject. That charter imposes upon town clerks the duty of notifying the electors of their respective towns of every town-meeting prescribed by law, and also of all other town-meetings which shall be legally called, directs the manner in which the notice shall be given, and provides the punishment for a neglect or refusal to perform the duty. A proviso in § 9, however, reserves to any town which does not wish to avail itself of this general law the right to regulate for itself the notice to be given. This proviso is as follows, viz. : " *Provided*, that any town may prescribe by by-law any other mode of warning the electors of their respective towns to convene in town-meeting, anything herein to the contrary notwithstanding." And we are of the opinion that the exception in § 12, referred to by the respondents, applies to the notice prescribed by the by-law of a town as authorized by the proviso in § 9, and not to the provision in the charter of the town of New Shoreham relative to the calling of town-meetings by the writ of the wardens.

It does not appear that the town of New Shoreham has ever prescribed by by-law any other mode of notice for warning its electors to convene in town-meeting than that provided by said cap. 35. On the contrary, it appears from the copies of the war-

rants put in as evidence, that since 1875, at least, notices of town-meetings have been given by warrants issued by the town clerk.

We are of the opinion that the notice of the town-meeting of March 4, 1890, was not defective because the warrant was issued by the town clerk.

The respondents further contend that the notice of the town-meeting of March 4, 1890, was insufficient, in that no special mention was made in the warrant calling the meeting of the subject-matter of the vote whereby the town council was authorized to dispose of the town's land and beaches for the purpose of bathing. It is contended that the mention in the warrant as one of the objects of the meeting, viz.: " to let the town's land and beaches," was too general; that a more special mention should have been contained in the warrant, especially in consideration of the fact that similar notices had been given in prior years when other beaches or beach privileges had been let, but not the bathing beach.

Pub. Stat. R. I. cap. 35, § 12, provides, that " No vote shall be passed in any town-meeting concerning the disposing of the town's land or making a tax, unless special mention be made, and notice thereof given, in the warrant issued for the warning of such meeting." The purpose of this requirement is, it is evident, to give notice to the voters of the subjects upon which they will be called to act in the town-meeting. Though it would doubtless have been better, in view of the fact that in some years, some of the beaches or beach privileges had been let without the bathing beach, that the warrant should have mentioned particularly the several beaches concerning which action was to be taken, yet we cannot say that the mention made in the warrant was not sufficiently special to answer the requirement of the statute. No voter whose attention was called to the notice in the warrant could fail to understand that the subject of letting all the town's beaches and, necessarily, the bathing beach as one of them, was to be considered at the meeting.

*Second.* The respondents further contend that the vote of the town council of April 7, 1890, concerning the bathing privileges, if authorized, was " upon condition that the said lease shall be executed within thirty days from date, and a bond of $700 with

sureties satisfactory to the town treasurer furnished within thirty days;" that the contract, if any there was, was conditional, the satisfaction of the town treasurer being a condition precedent to its taking effect; that the condition is not shown to have been performed, at least, not before the town by its vote of April 8, 1890, the day following the vote of the council, distinctly repudiated the plaintiff's claim, and not before the town council elected April 8, 1890, which succeeded the former council, and thereby became possessed of all the authority conferred by the vote of the town of March 4, 1890, had withdrawn the proposition contained in the vote of the former council of April 7, 1890, by its vote of May 1, 1890, ordering a special town-meeting to be called for the purpose of letting the East or bathing beach and beach privileges, and, therefore, the alleged contract was never completed, and no legal binding obligation ever existed between the town and the complainant.

The validity of this argument depends upon the effect to be given to the action of the town at the town-meeting held April 8, 1890, and of the town council elected at that meeting, in ordering on May 1, 1890, a special town-meeting to be called, for the purpose mentioned. The view of the respondents is, that such action amounted to a repudiation of the complainant's claim, and to a withdrawal of the proposal contained in the vote of the prior council. We do not think so. The action of the town was limited to the appointment of a committee to investigate the legality of the letting, and that of the town council to simply ordering a special town-meeting to be called, in accordance with a memorial to it for that purpose. The subsequent action of the town at the meeting so called could, of course, have no effect, the proposal of the town having been previously accepted by the tender of the lease duly executed on the part of the complainant, and the leaving of the bond with satisfactory sureties with the town treasurer.

*Third.* The respondents further contend that the vote of the town council was not a compliance with the requirement of the statute of frauds, and that there is no memorandum in writing signed by any person authorized by the town, and hence, that the complainant is not entitled to maintain this bill. We think, however, that the vote of the town council, the agent of the town,

signed by the town clerk, who is, by virtue of his office, clerk also of the town council, was a sufficient memorandum of the contract to answer the requirement of the statute. In *Chase* v. *Lowell*, 7 Gray, 33, it was held, that the vote of an authorized committee of a city, electing their clerk city engineer for a year from a subsequent date, duly recorded and signed by him as clerk, was sufficient to take his appointment out of the statute of frauds. And see, also, *Grimes* v. *Hamilton County*, 37 Iowa, 290; *Johnson* v. *Trinity Church Society*, 11 Allen, 123; Browne on the Statute of Frauds, § 346.

We think the complainant is entitled to relief.

*William P. Sheffield*, for complainant.

*Francis B. Peckham & Christopher E. Champlin*, for respondents.

---

# WASHINGTON COUNTY.